UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                          :

ALISSA ROSENBERG-TORRES and      :
JOSHUA E. TORRES,                     :
                                          :

                              Plaintiffs,   :            19-CV-9980 (VSB)
                                          :

                   - against -       :        **OPINION & ORDER**
                                          :

COMMISSIONER OF SOCIAL SECURITY  :
and MARIA T. RUEDA DE TORRES,     :
                                          :

                         Defendants.  :
                                          :
------------------------------------------------------X

<u>Appearances</u>:

Alissa Rosenberg-Torres
Joshua E. Torres
New York, NY
*Pro se Plaintiffs*

Charles E. Binder
Law Office of Charles E. Binder and Harry, LLP
New York, New York
*Counsel for Defendant*

Joseph Anthony Pantoja
U.S. Attorney's Office, SDNY
New York, New York
*Counsel for Defendant*

<u>VERNON S. BRODERICK, United States District Judge</u>:

        Plaintiff Alissa Rosenberg-Torres ("Plaintiff") brings this action pursuant to the Social

Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the decision of

Defendant Commissioner of Social Security ("Defendant" or "Commissioner") to grant

surviving parent benefits to Maria Rueda de Torres, the mother of Plaintiff's deceased husband;

the decision reduced the amount of benefits otherwise payable to Plaintiff and her son, Joshua E.

Torres.  Before me is Magistrate Judge Gary R. Jones's second unobjected Report and Recommendation ("Second Report and Recommendation" or "Second R&R"), issued to me on July 31, 2023.  (Doc. 74.)  Because I find that Judge Jones did not commit clear error in the Second Report and Recommendation, I ADOPT the Second Report and Recommendation in its entirety.

## I.     Background and Procedural History

On December 18, 2019, I referred this case to Magistrate Judge Kevin Nathaniel Fox. (Doc. 7.)  On June 11, 2021, Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and for joinder of necessary parties pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.  (Docs. 34, 35.)  On August 10, 2021, Plaintiff filed her opposition to Defendant's motion.  (Docs. 38, 39.)  Defendant filed its reply on September 7, 2021.  (Doc. 43.)

This case was reassigned to Magistrate Judge Gary R. Jones on December 29, 2021. Judge Jones issued his first Report and Recommendation ("Report and Recommendation" or "R&R") to me on January 10, 2022.  (Doc. 45.)  Neither party filed an objection nor sought an extension to file an objection.  On August 16, 2022, I adopted Judge Jones's unobjected Report and Recommendation, which recommended that (1) Defendant's motion seeking joinder of Joshua Torres and Maria Rueda de Torres be granted, and (2) Defendant's motion for judgment on the pleadings, where the Commissioner sought remand for further administrative proceedings, either be denied without prejudice or be reserved pending joinder.  (Doc. 47; *see also* R&R 13–14.)[1]  Specifically, I granted Defendant's motion for joinder of Joshua Torres and Rueda de Torres, so they would have an opportunity to present their arguments either in support of or

---

[1] In my August 16, 2022 ruling, I identified Joshua E. Torres as "J.E.T."  (*See* Doc. 47.)

opposing the Commissioner's award of benefits; and I denied without prejudice Defendant's motion for remand.  (Doc. 47 at 3.)

Thereafter, on September 12, 2022, Plaintiff filed an Amended Complaint, adding Rueda de Torres as a defendant and Joshua E. Torres as a plaintiff.  (Doc. 49.)  On December 20, 2022, Commissioner filed a motion for judgment on the pleadings, seeking a remand for further administrative proceedings.  (Docs. 62, 63.)  Plaintiff Rosenberg-Torres, proceeding pro se with the assistance of the New York Legal Assistance Group's Pro Se Legal Clinic, opposed the Commissioner's motion.  (Docs. 64, 65.)  On March 30, 2023, Defendant Rueda de Torres, represented by counsel, filed a motion for judgment on the pleadings, seeking affirmance of the Administrative Law Judge's decision and dismissal of this action.  (Docs. 70, 71.)  On April 24, 2023, Commissioner filed a reply memorandum of law in further support of its motion.  (Doc. 73.)

Before me is Judge Jones's Second Report and Recommendation, issued to me on July 31, 2023.  (Second R&R.)  It recommends that "the Commissioner's motion for judgment on the pleadings (Docket No. 62) should be granted; that [Defendant] Rueda de Torres's motion for judgment on the pleadings (Docket No. 70) should be denied; and this case should be remanded for further administrative proceedings."  (*Id*. at 9.)

## II.   **Legal Standard**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court

reviews *de novo* the parts of the report and recommendation to which the party objected.  Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or a portion thereof, a district court reviews the report and recommendation, or that portion, for clear error.  *See Baez v. RCO Restoration Corp.*, 20-CV-1066, 2021 WL 4077944, at *2 (S.D.N.Y. Sept. 8, 2021); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

### III.   Discussion

Here, the Second Report and Recommendation was filed on July 31, 2023.  Although the Second Report and Recommendation explicitly provided that "the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections" and that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal," (Second R&R at 9–10), neither party filed an objection.  I therefore reviewed Judge Jones's thorough and well-reasoned Second Report and Recommendation for clear error and, after careful review of the record, found none.

### IV.   Conclusion

Consequently, I ADOPT the Second Report and Recommendation in its entirety.  The Commissioner's motion for judgment on the pleadings, (Doc. 62), is GRANTED, and Defendant Rueda de Torres's motion for judgment on the pleadings, (Doc. 70), is DENIED.  This case is remanded for further administrative proceedings.

The Clerk of Court is respectfully directed to terminate the open motions on the docket and to remand this case.

SO ORDERED.

Dated: April 9, 2024
        New York, New York

_____
Vernon S. Broderick
United States District Judge